IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIRKLAND ADKINS, Inmate #B64060, )
)
        Plaintiff, )
)
vs. ) CASE NO. 11-cv-624-JPG
)
DOCTOR SHAH, *et al.*, )
)
        Defendants. )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Kirkland Adkins brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while he was housed at Southwestern Illinois Correctional Center ("Southwestern Illinois"). Plaintiff is currently on parole and living in a halfway house in Chicago, Illinois. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Liberally construed, the complaint alleges the following. Three months prior to filing the complaint, Plaintiff began experiencing left shoulder pain that radiated up his neck, to the back of his head, and to the left side of his jaw. Plaintiff also noticed a hard bump on one of his arms. At an unspecified time, Plaintiff met with Defendant Dr. Shah, who diagnosed him with frozen shoulder, prescribed 400 mg Ibuprofen, and advised Plaintiff to exercise the arm.

In May 2011, Defendant Shah told Plaintiff that the pain he was experiencing in his left shoulder was arthritis. At that time, Plaintiff requested an unidentified prescription that he received for the arthritis in his knees while at Cook County Jail, but Defendant Shah refused to prescribe the

requested medication. Plaintiff also requested x-rays and a second opinion.

Plaintiff filed two offender grievances over the incident (Doc. 1-1, pp. 1-3). Plaintiff does not relate the outcome of those grievances. Plaintiff requests compensatory damages for his alleged physical and mental injuries.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into one count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

**Count 1 - Deliberate Indifference to a Serious Medical Need**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition. In addition, a delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle,* 429 U.S. at 104-05 (1976)); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a

medical condition")).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising an Eighth Amendment claim:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm…. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

In the case at bar, Plaintiff has described a condition that meets several of the criteria described in *Gutierrez*. He alleges that the pain in his shoulder and the resulting radiation is so painful that he has to take more than the 400 mg of Ibuprofen that Defendant Shah prescribed to "slow down the pain" (Doc. 1, p. 5). He also states that the exercise Defendant Shah recommended exacerbates the pain. The fact that Plaintiff received care from Dr. Shah for the pain in his left shoulder indicates that Plaintiff's condition was worthy of treatment. These allegations suffice to meet the objective showing that Plaintiff has a serious medical condition. The remaining question is whether he has sufficiently alleged deliberate indifference on the part of Defendant Shah.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

In the case at bar, Plaintiff's complaint is devoid of allegations that would lead the Court to conclude that Defendant Shah was deliberately indifferent. Plaintiff does not make any allegations that Defendant Shah failed to treat him in a timely manner. Instead, Plaintiff alleges that Defendant Shah refused to prescribe the medication that he was given at Cook County Jail for the arthritis in his knees. Plaintiff argues that because other inmates at Southwestern Illinois were receiving this prescription, that Dr. Shah should have prescribed it for him. Plaintiff also refused to exercise the shoulder, as Defendant Shah instructed, because Plaintiff states that it caused too much pain. Plaintiff states in his complaint that he should have received x-rays and a second opinion.

The Seventh Circuit has held that mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes*, 95 F.3d at 591. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Thus, Plaintiff's mere disagreement with Defendant Shah's course of treatment does not meet the requirements of deliberate indifference. Plaintiff is not entitled to direct the course of treatment that he receives. Therefore, Plaintiff's complaint does not state a constitutional claim against Defendant Shah, and his complaint must be dismissed.

Finally, it should be noted that even if Plaintiff had stated a claim for deliberate indifference, Plaintiff's request for future care (x-rays, a second opinion) is now moot, as Plaintiff is no longer an inmate.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. Defendant **DOCTOR SHAH** is **DISMISSED** from this action with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:  April 4, 2012**

                                              *s/J. Phil Gilbert*
                                              **United States District Judge**